In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-1157

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

BERNARD L. CHERRY,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:17-cr-30040-DRH-1 — **David R. Herndon**, *Judge.*

ARGUED APRIL 2, 2019 — DECIDED APRIL 17, 2019

Before HAMILTON, BARRETT, and SCUDDER, *Circuit Judges.*

BARRETT, *Circuit Judge.* Bernard Cherry appeals his conviction as a felon in possession of a firearm on the ground that the district court erred by not giving the jury his proposed "innocent possession" instruction. He also claims that the district court erred by not asking whether he wanted the jury to determine the forfeitability of the firearm in the event of a guilty verdict.

Because we have never recognized an innocent possession defense and because the facts here don't support such a defense even if we were to recognize it, the district court did not err in refusing to give the instruction. And given that no reasonable juror could have failed to find a nexus between the gun and Cherry's felon-in-possession conviction, the district court's failure to ask either party whether it wanted the jury to determine the forfeitability of the firearm did not affect Cherry's substantial rights. We affirm the judgment of the district court.

I.

At 3:31 a.m. on December 13, 2016, Officer Isaiah Sherrod of the East St. Louis Police Department received a report that a vehicle had been playing loud music. Sherrod went to the address and saw a vehicle outside an abandoned residence with the lights on and music playing. When he got closer, Sherrod observed a man in the front yard of the residence looking for something in the grass with his phone's flashlight.

The man, Bernard Cherry, told Sherrod that he was looking for the key to his tire rims that he had lost in that area earlier in the day. Although Cherry seemed intoxicated, Sherrod decided to help him find the key. As he was searching, Sherrod noticed a firearm—a .40 caliber Smith & Wesson handgun—a few feet from Cherry.

As soon as he saw the gun, Sherrod handcuffed Cherry and put him in the squad car for officer safety, but without formally arresting him. Cherry complained that the cuffs were too tight, and Officer Sherrod got him out of the car to adjust the cuffs. At that point, Cherry tried to run but did not get far. Officer Sherrod then arrested Cherry and took him to

the police station where he was interviewed by Officer Jerry Simon. Cherry explained to Simon that, earlier in the night, he had stopped his car to look for a new CD to put in the car's CD player. He said that when he looked out the window, he thought that he saw someone that he knew. But after rolling down his window, he realized that he did not know the person. Cherry said that the man pointed a gun at him but that he knocked it out of the man's hands. Cherry then opened his car door and hit the stranger, who ran away. Cherry explained that during the scuffle he lost his cell phone and got out of the car to look for it. He also admitted to picking up the gun briefly but said that he dropped it when he saw Sherrod approaching.

Following the interview, Cherry was charged with being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2) and forfeiture under 18 U.S.C. § 924(d)(1). Because Cherry stipulated that he was a felon at the time of his arrest, the sole question at trial was whether he possessed a firearm. He requested an "innocent possession" instruction to support his theory of defense, which read:

> Possession of a firearm constitutes innocent possession where: (1) the firearm was obtained innocently and held with no illicit purpose; and (2) possession of the firearm was only momentary. If you find that the defendant possessed a firearm and that possession constituted innocent possession, you should find the defendant not guilty.

The government objected, citing *United States v. Jackson*, 598 F.3d 340 (7th Cir. 2010). In *Jackson* we declined to affirmatively recognize an innocent possession defense, and

we noted that even if we were to recognize such a defense, the defendant would still have to show that he immediately sought to turn over the firearm to law enforcement. 598 F.3d at 349–51. Because Cherry did not immediately seek to turn over the firearm, the district court concluded that his case fell within *Jackson* and refused the proposed instruction.

The jury ultimately found Cherry guilty of being a felon in possession of a firearm. Following trial, the government moved for forfeiture of the firearm under Federal Rule of Criminal Procedure 32.2(b), and the district court granted the motion.

On appeal, Cherry raises two issues. First, he says that the district court erred by failing to give the innocent possession instruction. Second, he argues that the district court violated Federal Rule of Criminal Procedure 32.2(b)(5)(A), which requires the court to ask whether either party wants the jury to determine the forfeitability of the firearm in the event of a guilty verdict.

## II.

Cherry is entitled to a jury instruction on his theory of defense if "(1) the instruction is a correct statement of the law; (2) the evidence supports the theory of defense; (3) the defense is not part of the government's charge; and (4) the failure to give the instruction would deprive the defendant of a fair trial." *United States v. Brown*, 865 F.3d 566, 571–72 (7th Cir. 2017).

Cherry's request for an innocent possession instruction fails for two reasons. First, as the district court noted, we have never recognized the innocent possession defense outside situations in which the defendant can establish a justification

like necessity or duress. *See Jackson*, 598 F.3d at 349–50; *United States v. Hendricks*, 319 F.3d 993, 1007 (7th Cir. 2003). Second, even if we were to recognize such a defense, the facts here show that Cherry would not qualify. Even though he was in the presence of law enforcement, there is no evidence that he took any action, much less immediate action, to turn over the firearm. *See Jackson*, 598 F.3d at 350; *Hendricks*, 319 F.3d at 1007. In fact, he admitted to throwing the gun down when he saw Sherrod approaching rather than immediately giving it to him. Nor did Cherry turn over the gun during the period in which both he and Sherrod were searching for his key and before Sherrod noticed the gun. Thus, we see no error in the district court's decision not to give an innocent possession instruction.

## III.

Cherry next argues that the district court violated Federal Rule of Criminal Procedure 32.2 because it did not submit the forfeiture issue to the jury or obtain his waiver. But Cherry made no objection at trial, so the forfeiture order will be vacated only if the error affected his substantial rights. *See* FED. R. CRIM. P. 52(b); *United States v. Ryan*, 885 F.3d 449, 454 (7th Cir. 2018). The government admits that the district court violated Rule 32 but argues that the error did not affect Cherry's substantial rights. We agree.[1]

Rule 32.2(b)(5)(A) requires that when a defendant's case is heard by a jury and the indictment states that the government

---

[1] We also note that Cherry's two primary arguments are at odds. On one hand, he says that he possessed the gun for only a few seconds and that it was not his. On the other, he asserts that the district court denied him a substantial right when it didn't allow the jury to determine the forfeitability of the gun.

is seeking forfeiture, the district court "must determine before the jury begins deliberating whether either party requests that the jury be retained to determine the forfeitability of specific property if it returns a guilty verdict." FED. R. CRIM. P. 32.2(b)(5)(A). In *United States v. Ryan*, a defendant was convicted of possessing child pornography, and the government sought forfeiture of his computer. 885 F.3d at 451. But, as in our case, the district court didn't send the issue of forfeiture to the jury, and the defendant never objected. We concluded that the error did not affect the defendant's substantial rights, explaining that "no reasonable juror could have found there was not a sufficient nexus between the property and the offense. There was no question in this case that the specific computer listed in the forfeiture order was the one used by [the defendant] containing the illegal files." *Id.* at 454.

The same logic applies here. Cherry was convicted of being a felon in possession of a firearm, and the firearm at issue in the forfeiture order was the one that Cherry possessed. No reasonable juror could have failed to find a nexus between the firearm and Cherry's conviction. As in *Ryan*, the error did not affect Cherry's substantial rights.

AFFIRMED.