NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 28, 2019
Decided July 1, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-2733

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14 CR 00447-1 |
| HAKEEM EL BEY, *Defendant-Appellant.* | Edmond E. Chang, *Judge.* |

**O R D E R**

This is Hakeem El Bey's second appeal in his criminal case. In his first appeal, we vacated his conviction and remanded for a new trial because comments from the district judge might have affected the impartiality of the jury. After another trial before a different district judge, a jury again found Bey (as he prefers to be called) guilty of mail fraud, 18 U.S.C. § 1341, and filing false claims for tax refunds with the Internal Revenue Service, *id.* § 287. Bey appealed, but his appointed attorney asserts that the appeal is frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Counsel's submission explains the nature of the case and addresses the issues that an appeal of this kind would be expected to involve. Because the analysis appears thorough, we limit

our review to the subjects that counsel discusses and the issues that Bey raises in his response under Circuit Rule 51(b). *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

A grand jury indicted Bey on two counts of mail fraud and six counts of false claims for filing six fraudulent tax returns with the IRS, each seeking a $300,000 "refund" for the Hakeem El Bey Trust for taxes that, in reality, had not been withheld. Twice, Bey successfully obtained a refund to which he was not entitled. The indictment gave notice that the government sought forfeiture of assets including a piece of real estate and a car that Bey purchased shortly after receiving the money.

Bey represented himself throughout the proceedings. He consistently challenged the district court's jurisdiction and submitted an array of filings asserting typical arguments raised by "sovereign citizens." *See, e.g.*, *United States v. Benabe,* 654 F.3d 753, 767 (7th Cir. 2011). In response to the government's motions in limine, the district court ruled that, at trial, Bey could not (1) testify during his opening statement or closing argument (but could preview or recap what the evidence showed); (2) present to the jury irrelevant evidence or argument about his supposed jurisdictional exemption and the validity or constitutionality of the criminal statutes; or (3) argue for jury nullification or that he should be found not guilty because the IRS was negligent.

During the second trial, Bey filed a civil suit against one of the prosecutors and then moved to delay the trial because the suit created a conflict of interest. The district court concluded that the lawsuit was a frivolous delay tactic and proceeded with the trial. The jury found Bey guilty on all counts and found that forfeiture was appropriate. The district court later imposed a below-guideline 28-month sentence with no term of supervised release and ordered Bey to pay $600,000 in restitution.

Counsel first considers an argument that the district court erred in allowing Bey to represent himself. A defendant has a right under the Sixth Amendment to self-representation as long as he makes that choice knowingly and intelligently. *See Faretta v. California*, 422 U.S. 806, 819, 835 (1975); *United States v. Thomas*, 833 F.3d 785, 792 (7th Cir. 2016). To ensure that Bey fully understood his choice, the district court inquired about Bey's education and past employment, learning that he had a high school education and a history of full-time employment. The court also advised him that it was unwise to represent himself, outlined the disadvantages, and explained the maximum possible penalties and consequences. *See Thomas*, 833 F.3d at 792. Even after

the district court's warnings, Bey repeatedly affirmed his desire to represent himself. Thus, it would be frivolous to argue that it was error to allow Bey to proceed pro se.

Counsel also ponders and rightly rejects as futile any challenge related to Bey's pre- and post-trial filings that challenged the district court's authority over him because of his purported individual sovereignty. We agree with counsel that Bey's contentions are exactly the type that we have said "should be rejected summarily." *See Benabe*, 654 F.3d at 767; *see also Bey v. Indiana*, 847 F.3d 559, 559–60 (7th Cir. 2017).

Next, counsel contemplates an argument that the district court abused its discretion in granting the government's motions in limine. We would review the evidentiary rulings under the deferential abuse-of-discretion standard. *United States v. Proano*, 912 F.3d 431, 438 (7th Cir. 2019). As counsel concludes, the district court appropriately instructed Bey that he could not testify while giving his opening statement or closing argument but could discuss and make inferences from the relevant evidence. *Cf. United States v. Durham*, 211 F.3d 437, 442 (7th Cir. 2000); *United States v. Hall*, 165 F.3d 1095, 1115 (7th Cir. 1999). The court also rightly barred Bey from introducing irrelevant evidence. FED. R. EVID. 402; *Proano*, 912 F.3d at 438. And it was proper to prohibit Bey from arguing for jury nullification, *see Sorich v. United States*, 709 F.3d 670, 678 (7th Cir. 2013), and from asserting the IRS's negligence as a defense to fraud, *see United States v. Peterson*, 823 F.3d 1113, 1123 (7th Cir. 2016).

Counsel also explores an argument that Bey's second trial violated the Double Jeopardy Clause and concludes that this contention, too, would be frivolous. We agree with counsel: "[w]hen a conviction is overturned on appeal, the general rule is that the Double Jeopardy Clause does not bar reprosecution." *Bravo-Fernandez v. United States*, 137 S. Ct. 352, 363 (2016) (brackets and quotations marks omitted) (quoting *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 308 (1984)).

Bey proposes arguing that the civil suit that he filed against the prosecutor required halting the criminal trial. But we readily agree with counsel that there is no viable challenge to the district court's conclusion that the civil suit did not create a conflict of interest. The criminal judge certified that Bey's civil suit was frivolous (a conclusion with which the judge assigned to the civil case later agreed, *see Bey v. United States*, No. 18 C 2894 (N.D. Ill. July 11, 2018)), and the timing of the suit supports the inference that it was an improper delay tactic. And there is no evidence that the prosecutors had an improper personal, financial, or political interest in Bey's prosecution, so it would be frivolous to argue that a conflict of interest existed.

*See* 28 U.S.C. § 528; *In re Grand Jury Subpoena of Rochon*, 873 F.2d 170, 175–76 (7th Cir. 1989).

Counsel also assesses possible challenges to the sufficiency of the evidence on both the mail fraud and false claim charges and correctly concludes that they would be frivolous. The evidence showed that Bey knew the information he put on the tax returns was false, that he sent the returns to the IRS and received two checks each for $300,000 through the mail, and that he spent the ill-gotten money on cars and a house. This was enough to satisfy the different elements of the two offenses. *See United States v. Dingle*, 862 F.3d 607, 614 (7th Cir. 2017) (mail fraud); *United States v. Clarke*, 801 F.3d 824, 827–28 (7th Cir. 2015) (false claim).

Counsel next considers an argument that the district court erred by rejecting Bey's proposed jury instruction for the mail fraud charge. Bey wished to instruct the jury that, in deciding whether his representations to the IRS were material, it should not consider whether the IRS had relied on them, but only whether they "had a natural tendency or capability to influence" the IRS's decisions. A defendant generally is entitled to an instruction on his theory of defense if the instruction is a correct statement of law, unless other instructions convey the same message. *United States v. Brown*, 865 F.3d 566, 571–72 (7th Cir. 2017). Bey is correct that a false statement is material if it tends to influence, or is capable of influencing, the decisionmaker to whom it is made, and that demonstrating reliance is not necessary for mail fraud. *See Neder v. United States*, 527 U.S. 1, 16, 24–25 (1999). And that is what the district court instructed the jury by giving this circuit's pattern instruction defining "material" for purposes of 18 U.S.C. §§ 1341 and 1343. There was no harm in giving the pattern instruction rather than using Bey's wording, and therefore it would be pointless to argue that rejecting Bey's instruction was error.

Counsel also considers a challenge related to the forfeiture order. At Bey's request, the district court submitted the forfeiture issue to the jury. *See* FED. R. CRIM. P. 32.2(b)(5)(A); *United States v. Cherry*, 921 F.3d 690, 693 (7th Cir. 2019). The evidence supported a nexus between Bey's crimes and the property subject to forfeiture because the government entered into evidence the checks that Bey used to purchase the forfeited property, and the checks were from the same accounts into which Bey had deposited his illicit tax refunds before the purchases. *See Cherry*, 921 F.3d at 693. It thus would be frivolous to attack the forfeiture order.

Finally, counsel contemplates challenges to Bey's sentence but rightly finds no nonfrivolous contentions. The district court adopted the presentence investigation report and, without objection from Bey, calculated a Guidelines range of 46 to 57 months in prison based on an offense level of 23 (based on an intended loss above $1.5 million, *see* U.S.S.G. § 2B1.1(a)(1), (b)(1)(I)) and criminal history category of I. *See id.* ch. 5, pt. A (sentencing table). We would not find procedural error. Further, we would presume that Bey's below-guidelines sentence is reasonable, *see United States v. Patel*, 921 F.3d 663, 672 (7th Cir. 2019), and we agree with counsel that nothing rebuts that presumption here. The judge appropriately discussed the statutory factors, including the need to promote respect for the law, Bey's mostly law-abiding history and good behavior in prison, and the need to deter him and others from similar crimes. *See* 18 U.S.C. § 3553(a). The judge also properly ordered Bey to repay the $600,000 he swindled from the IRS as restitution. *See id.* §§ 3663A, 3664; *United States v. Kennedy*; 726 F.3d 968, 973 (7th Cir. 2013).

Bey proposes arguing that the district court improperly allowed the government to make statements to the jury without providing corroborating evidence. He adds that the court improperly prevented him from introducing facts related to the civil suit that he filed. Bey also asserts that the district court was hostile to him. But Bey provides no specifics for any of the arguments he proposes, and, like counsel, we find no support for them in the record. Bey's last contention is that counsel failed to provide Bey with a transcript of the trial, but the transcript is part of the record, and Bey could have requested a copy at the government's expense, *see* 28 U.S.C. § 753(f).

We GRANT counsel's motion to withdraw and DISMISS the appeal.