**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 23, 2021
Decided February 24, 2021

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-1152

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 18-CR-148 |
| ROBERT J. MARSHALL, *Defendant-Appellant*. | William C. Griesbach, *Judge*. |

**O R D E R**

Robert Marshall sold drugs to a confidential informant, pleaded guilty to conspiring to distribute heroin, 21 U.S.C. §§ 841(b)(1)(B), 846, 18 U.S.C. § 2, and was sentenced to 18 months in prison and four years of supervised release. Marshall appealed, but his appointed counsel asserts that all potential arguments are frivolous and moves to withdraw. *See Anders v. California*, 386 U.S. 738, 744 (1967). Counsel's brief appears thorough; it explains the nature of the case and addresses the issues that an appeal of this kind may be expected to involve. We notified Marshall of counsel's motion, *see* CIR. R. 51(b), and he did not respond. We therefore limit our review to the subjects counsel has discussed. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014).

In his *Anders* submission, counsel says that he advised Marshall about the risks and benefits of challenging his guilty plea, *see United States v. Konczak*, 683 F.3d 348, 349 (7th Cir. 2012), and that Marshall wishes to challenge its validity. Although Marshall twice moved in the district court to withdraw his plea, he rescinded both motions—in effect, reaffirming the original plea, *see Doe v. United States*, 51 F.3d 693, 700 (7th Cir. 1995)—and we thus would review his plea colloquy for plain error. *See* FED. R. CRIM. P. 52(b); *United States v. Schaul*, 962 F.3d 917, 921 (7th Cir. 2020). We agree with counsel that no such error is evident. The transcript of the colloquy shows that the district court substantially complied with Federal Rule of Criminal Procedure 11. *See United States v. Blalock*, 321 F.3d 686, 688–89 (7th Cir. 2003). The court advised Marshall of—and determined that he understood—the trial rights he waived by entering a guilty plea, the charges against him, the maximum penalties, the role of the sentencing guidelines, and the judge's discretion in applying them. FED. R. CRIM. P. 11(b)(1). The court also ensured that Marshall's plea was supported by an adequate factual basis and made voluntarily, and did not result from unlawful force, threats, or promises. *See id*. at 11(b)(2), (3).

Counsel also contemplates—but appropriately declines—raising a challenge to the denial of Marshall's motion to substitute counsel before pleading guilty. Marshall apparently had been discouraged by his lawyer's attitude—Marshall stated that he was "not on my side at all"—and wanted the lawyer to file a motion to suppress. But as counsel points out, the court held a hearing on the motion and gave Marshall an opportunity to explain his reasons for wanting a new lawyer, and nothing in the record reflected a breakdown in the attorney-client relationship so great as to cause a total lack of communication and preclude an adequate defense. *United States v. Ryan*, 885 F.3d 449, 452 (7th Cir. 2018). Further, disagreement over litigation strategy would not justify appointing new counsel. *United States v. Volpentesta*, 727 F.3d 666, 673–74 (7th Cir. 2013).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.