NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 6, 2022[*]
Decided May 16, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

Nos. 21-2062 & 21-2409

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    *Plaintiff-Appellee,* | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | Nos. 1:20-CR-00319(1) & 1:17-CR-00625(1) |
| RUMAEL GREEN,<br>    *Defendant-Appellant.* | John J. Tharp, Jr. & Jorge L. Alonso<br>*Judges.* |

## O R D E R

Rumael Green was on supervised release for a felony firearms offense when he rented a gun at a shooting range. That led to proceedings before two federal judges. In one case he was convicted of unlawful possession of a firearm by a felon, 18 U.S.C. § 922(g), and in a separate case, his supervised release was revoked. Green admits renting the gun and knowing he is a felon. He argues that his conduct was not illegal because *Rehaif v. United States*, 139 S. Ct. 2191 (2019), requires proof (lacking here) that

---

[*] We granted the appellant's unopposed motion to waive oral argument. Thus, the appeal is submitted on the briefs and record. FED. R. APP. P. 34(f).

he intended to violate the law. We disagree with Green's reading of *Rehaif* and affirm both judgments.

We recount the facts as the parties orally stipulated to them at Green's bench trial before Judge Tharp. Transcript of Proceedings at 20–22, *United States v. Green*, No. 1:20-CR-00319(1) (N.D. Ill. July 14, 2021), ECF No. 68. In March 2020 Green and a friend drove to a shooting range and rented two guns for target practice. Both presented driver's licenses, and Green received a gun. He "picked up," "load[ed]," "fired," and "reloaded" the gun for about 45 minutes while shooting targets, then returned it to the cashier. Green admitted that before firing the gun, he had been advised three times that he was a felon—at plea hearings in 2014 and 2019 for prior firearms offenses and upon release from prison in 2017—and "that his conviction barred him from possessing a firearm."

After Judge Tharp found Green guilty of illegal gun possession, Green unsuccessfully moved for acquittal under Rule 29 of the Federal Rules of Criminal Procedure raising two grounds. First, he argued that *Rehaif* required and the government had not proved that Green knew not only that he was a felon but that his specific conduct was unlawful. Second, invoking the common-law defense of innocent possession, Green argued that mere transient possession for no illicit purpose was lawful. Judge Tharp denied Green's motion. He explained that § 922(g) did not include an element of "knowledge of the illegality of the possession" and that *Rehaif* did not add one. He also saw no basis in circuit precedent for an innocent-possession defense. The court then sentenced Green to 37 months in prison, the high end of the Guidelines range.

Following that conviction, Judge Alonso held a hearing on revocation of Green's supervised release. *United States v. Green*, No. 1:17-CR-00625(1) (N.D. Ill. June 30, 2021), ECF No. 114. There, the government asked Green, "And you did, in fact, have a gun in your possession, right?" He answered, "Yes." Green also admitted that when he rented the gun, he knew that he was on supervised release for a felony offense and "not permitted to have a gun." The judge accepted these admissions but rejected Green's legal defenses, which again were based on *Rehaif* and "innocent possession." Concluding that Green violated the terms of his supervised release, which included "you shall not commit another Federal, State, or local crime," and "you shall refrain from possessing a firearm," Judge Alonso revoked Green's supervised release. He then imposed an 18-month sentence consecutive to Judge Tharp's sentence.

Green challenges the judgment of guilt in the first case and the finding of a violation of conditions of supervised release in the second. We have consolidated his appeals. He repeats his two principal legal arguments: first, the judges wrongly failed to apply a specific-intent element that he believes *Rehaif* added to § 922(g); second, they failed to recognize his innocent-possession defense. (He does not appeal the reasonableness of either sentence.) We review his contentions of legal error de novo. *United States v. Shaffers*, 22 F.4th 655, 665 (7th Cir. 2022). Both contentions fail.

Green's argument that *Rehaif* required the government to prove that he specifically intended illegal conduct when he used the gun misreads the case. *Rehaif* held only that the government must prove "both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200; *United States v. Price*, 28 F.4th 739, 756 (7th Cir. 2022). The government proved both here. Possession occurred "when [the defendant] handled a rental gun," *Price*, 28 F.4th at 755, and Green stipulated that he did just that because he said that he "picked up," "load[ed]," "fired," and "reloaded" the rental gun. Furthermore, he also stipulated that he was notified three times that his felony convictions "barred him from possessing a firearm." As the Supreme Court reiterated in *Greer v. United States*, 141 S. Ct. 2090, 2095 (2021), the statute requires only that the defendant "*knew he was a felon* when he possessed the firearm." Green's stipulations thus sufficed to convict him.

Green next argues that we should recognize his innocent-possession defense to avoid the "absurd" result of criminalizing conduct that was temporary, monitored, and caused no harm. But we have "never recognized" an innocent-possession defense to a § 922(g) charge other than in cases of necessity or duress. *United States v. Cherry*, 921 F.3d 690, 691–92 (7th Cir. 2019). Green urges us to reconsider that position based on *United States v. Mason*, 233 F.3d 619 (D.C. Cir. 2001). But *Mason*'s holding is narrow and inapplicable. *Mason* deemed a defendant's possession innocent because he promptly returned a found gun to a police officer; by contrast Green sought out a gun, fired it, and never contacted law enforcement. Green thus provides no reason to upset our settled precedent. *See Lombardo v. United States*, 860 F.3d 547, 558 n.5 (7th Cir. 2017).

Finally, Green appears to argue that Judge Alonso abused his discretion in revoking his supervised release. But the judge reasonably revoked Green's supervised release based both on his § 922(g) conviction and his admission that he violated the conditions of release. *See United States v. Falls*, 960 F.3d 442, 445 (7th Cir. 2020).

AFFIRMED