In the

# United States Court of Appeals

## For the Seventh Circuit

---

No. 22-1801

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

STEVEN SORENSEN,

*Defendant-Appellant.*

---

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:21-cr-00056 — **James D. Peterson**, *Chief Judge.*

---

ARGUED MARCH 31, 2023 — DECIDED JULY 11, 2023

---

Before EASTERBROOK, RIPPLE, and WOOD, *Circuit Judges.*

RIPPLE, *Circuit Judge.* A grand jury indicted Steven Sorensen on one count of possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). He filed a motion in limine to present an innocent possession defense at trial. He conceded the only purpose of the motion was to preserve the opportunity to persuade us to recognize such a defense. The district court denied the motion. Mr. Sorensen then entered a

conditional guilty plea, reserving the right to appeal the denial of his motion in limine.

We decline to recognize an innocent possession defense to 18 U.S.C. § 922(g)(1) in this case. We therefore affirm the judgment of the district court.

**I**

**A**

On March 5, 2021, Mr. Sorensen's truck would not start and so he went to visit a friend who worked on cars.[1] That friend did not answer the door when Mr. Sorensen knocked, but Mr. Sorensen ran into another friend, Jake Berg, and Berg's girlfriend in the parking lot of the apartment building. Berg pointed to a Subaru and told Mr. Sorensen to drive it and to follow him back to his house. Mr. Sorensen drove the Subaru, but he quickly lost track of Berg's car and therefore was not able to follow him. Mr. Sorensen slept in the Subaru and woke up sometime the next day.

On March 6, 2021, at around 10:30 a.m., Mr. Sorensen called Brandolyn Charles, with whom he has a child, to invite her to lunch. He picked her up and they drove to Texas Roadhouse. After lunch, Mr. Sorensen noticed a small silver handgun in the driver-side door of the Subaru. He panicked because he knew that, as a felon, he was not allowed to have a gun, and he believed that a felon-in-possession charge carried a mandatory ten-year sentence. Mr. Sorensen did not tell Charles about the firearm because she also had a felony

---

[1] We credit Mr. Sorensen's proffered evidence for purposes of this appeal. *See United States v. Dingwall*, 6 F.4th 744, 759 (7th Cir. 2021).

record and he worried about the wellbeing of their child if she also were charged.

Mr. Sorensen drove about three-quarters of a mile from Texas Roadhouse to the Kohl's parking lot. He decided to take the gun to the community center that was located in two rooms at the back of the Goodwill store on the other side of the parking lot. He believed that there was a drop box there for disposing of illegal items without police involvement.

When Mr. Sorensen arrived at Goodwill, both rooms of the community center appeared to be in use with the doors shut. He decided to wait. He lingered in the section immediately in front of the doors to see if anyone would leave. He did not want to make a scene or scare anyone. He hoped to find someone who seemed to be in charge. At some point, he tried entering one of the community center rooms, but a meeting was still in progress, so he quickly left.

In the meantime, police had received a report from Lee Thao that someone stole his Subaru and that a loaded .38 revolver and several rounds of .38 caliber and 9mm ammunition were in the driver's door compartment. Police officers discovered the Subaru in the parking lot near Goodwill.

The officers first located Charles and placed her under arrest. Mr. Sorensen heard Charles talking to police officers and panicked. After trying one of the doors to the community center, Mr. Sorensen hid the gun on a back shelf in the Goodwill store. He hoped that an employee would find it when restocking and bring it to the community center.

A Goodwill employee notified officers that a man, later identified as Mr. Sorensen, had been hiding in a maintenance closet and ran out of the store upon being discovered. Officers

arrested Mr. Sorensen and found the Subaru keys on his person.

After his arrest, Mr. Sorensen told officers that he had placed the gun on a shelf in the Goodwill store. The officers took Mr. Sorensen to Goodwill, and he showed them the location of the gun. The officers found the loaded firearm on a bottom shelf behind an electronic item. The officers noted that there were many people, including children, in the store.

**B**

A grand jury indicted Mr. Sorensen on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). He filed a motion in limine to present an innocent possession defense at trial, which the district court denied. The court explained that Mr. Sorensen "concede[d] that under the facts of his case, an innocent possession defense [was] plainly foreclosed by circuit precedent" and that he simply had made "the motion to preserve the opportunity to persuade the Court of Appeals to recognize an innocent possession defense."[2]

Mr. Sorenson entered a conditional guilty plea, reserving the right to appeal the denial of his motion in limine. The district court sentenced him to thirty-four months' imprisonment and three years of supervised release.

Mr. Sorensen timely appealed.

---

[2] R.23.

## II

## DISCUSSION

Mr. Sorensen asks us to recognize an innocent possession defense to a § 922(g)(1) felon-in-possession charge in this case. We review the legal sufficiency of a defense proffered in a motion in limine de novo. *See United States v. Wade*, 962 F.3d 1004, 1011 (7th Cir. 2020) (quoting *United States v. Santiago-Godinez*, 12 F.3d 722, 726 (7th Cir. 1993)).

We have explained that a district court "may, and often should, preclude a defendant from introducing evidence of a proposed defense where the defendant cannot establish all elements of that defense." *United States v. Jackson*, 598 F.3d 340, 349–50 (7th Cir. 2010) (citing *United States v. Haynes*, 143 F.3d 1089, 1090 (7th Cir. 1998)). A court may preclude an affirmative defense by motion in limine if "the court accepts as true the evidence proffered by the defendant" and finds that that evidence, "even if believed, would be insufficient as a matter of law to support the affirmative defense." *United States v. Baker*, 438 F.3d 749, 753 (7th Cir. 2006) (citing *United States v. Tokash*, 282 F.3d 962, 967 (7th Cir. 2002)). To be entitled to present an affirmative defense to the jury, a defendant must present "more than a scintilla of evidence" demonstrating that he can satisfy each element of the proposed defense. *Tokash*, 282 F.3d at 967 (quoting *United States v. Blassingame*, 197 F.3d 271, 279 (7th Cir. 1999)).

We previously have declined to recognize a broad innocent possession defense to § 922(g)(1); we have recognized "innocent possession" as a defense in § 922(g)(1) cases only when the defendant can establish a justification defense, such as necessity or duress. *See United States v. Green*, Nos. 21-2062

& 21-2409, 2022 WL 1535026, at *2 (7th Cir. May 16, 2022); *United States v. Cherry*, 921 F.3d 690, 692 (7th Cir. 2019); *Jackson*, 598 F.3d at 349–50; *United States v. Kilgore*, 591 F.3d 890, 894 n.1 (7th Cir. 2010); *United States v. Hendricks*, 319 F.3d 993, 1007 (7th Cir. 2003). Mr. Sorensen does not contend that a justification defense is at issue in this case.

We also have indicated in dicta that, if we were to recognize an innocent possession defense to § 922(g)(1), such a defense would feature the same two requirements as the District of Columbia Circuit's innocent possession defense:

> The record must reveal that (1) the firearm was attained innocently and held with no illicit purpose and (2) possession of the firearm was transitory—*i.e.*, in light of the circumstances presented, there is a good basis to find that the defendant took adequate measures to rid himself of possession of the firearm as promptly as reasonably possible. In particular, a defendant's actions must demonstrate both that he had the intent to turn the weapon over to the police and that he was pursuing such an intent with immediacy and through a reasonable course of conduct.

*Hendricks*, 319 F.3d at 1007 (quoting *United States v. Mason*, 233 F.3d 619, 624 (D.C. Cir. 2000)); *Jackson*, 598 F.3d at 350. We therefore have explained that "[w]here a Section 922(g) defendant does not immediately seek to turn a firearm over to law enforcement, an innocent possession instruction is not warranted." *Jackson*, 598 F.3d at 350 (citing *Hendricks*, 319 F.3d at 1007–08); *see also Cherry*, 921 F.3d at 692; *Green*, 2020 WL 1535026, at *2.

Mr. Sorensen urges us to adopt a modified version of the District of Columbia Circuit's innocent possession defense that would not require that a defendant sought to turn the firearm over to law enforcement directly. He contends that, because of safety concerns associated with a felon approaching police with a firearm, a defense requiring relinquishment of the firearm directly to police would not effectively incentivize the disposal of firearms. Instead, he suggests that a defendant should be able to satisfy the second requirement of the defense—that possession of the firearm was "transitory"—"[b]y delivering or attempting to deliver the firearm to someone who the defendant reasonably believed was in a position to safely surrender it to law enforcement."[3] In his view, expanding the scope of the innocent possession defense in this way would better serve the purpose of 18 U.S.C. § 922(g), which is to "keep guns out of the hands of those who have demonstrated that they may not be trusted to possess a firearm without becoming a threat to society." *Small v. United States*, 544 U.S. 385, 393 (2005) (internal quotation marks omitted).

Even if we were to recognize a broader innocent possession defense, Mr. Sorensen's proffered facts would not entitle him to present such a defense in this case. The record does not show that he took reasonable steps to turn over the firearm to law enforcement directly or through a third party. Ultimately, he removed a loaded firearm from the door compartment of a car and left it on a bottom shelf in a Goodwill store that was full of people, including children. He then hid from police officers in a maintenance closet and only revealed the location

---

[3] Appellant's Br. 30.

of the firearm to law enforcement after he was arrested. Furthermore, although Mr. Sorensen states that he believed that there was a drop box for contraband in the community center, there is no evidence that such a drop box existed. Mr. Sorensen cannot present an innocent possession defense to the charge of being a felon in possession of a firearm under these facts.[4] The district court therefore properly denied Mr. Sorensen's motion in limine to present such a defense in this case.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

AFFIRMED

---

[4] *Cf. United States v. Bailey*, 444 U.S. 394, 415 (1980) (concluding that defendants, who had escaped from prison, were not entitled to an instruction on the duress or necessity defenses because "a bona fide effort to surrender or return to custody as soon as the claimed duress or necessity had lost its coercive force" was "an indispensable element" of each defense and "[v]ague and necessarily self-serving statements of defendants or witnesses as to future good intentions or ambiguous conduct simply d[id] not support a finding of this element").